# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| WESLEY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00039 |
| | ) | Judge Sharp |
| JIM MORROW, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

Pending before the court is a "Motion to Decide Case on its Merits" (Docket No. 11) and a "Motion to Expand the Record" (Docket No. 33) filed by the petitioner; a response in opposition to the "Motion to Expand the Record" filed by the respondent (Docket No. 36); and a "Motion to Appoint Counsel/Motion to Expand Record" (Docket No. 38) filed by the petitioner.

**I.    Motion to Decide Case on Its Merits (Docket No. 11)**

As noted by the court in its prior order (Docket No. 27), the petitioner has filed a "Motion to Decide Case on its Merits" (Docket No. 11). The petitioner's motion will be denied as premature. However, to be clear, the court intends to review this action on its merits and bring this case to a final disposition after the receipt of a satisfactory record from the respondent.

**II.    Motion to Expand the Record (Docket No. 33)**

In his "Motion to Expand the Record," the petitioner requests production of the following: "(1) clear copies of three (3) audio cassette tapes submitted to this Court on 4/5/11 [Document 26]; (2) Copies of the video made via closed circuit television as well as any transcriptions made by the Child Advocacy Center of the alleged victim's initial statement given on April 17, 2001 to Cynthia

1

Wagner [Exhibit A/Summary of child's statements of Ms. Wagner, shows videotaped on page 2]; (3) Copies of the video tape and transcripts of the child's second statement given on May 15, 2001 to Sue Ross And Phyllis Thompson [Exhibit B/summary given by Ms. Ross and Ms. Thompson] and, (4) Transcripts and recordings of any other statements made by the child to authorities which were not included in the Respondent's Addendum." (Docket No. 33).

The respondent states that he previously has filed with the court the entire state appellate record in relation to the petitioner's direct appeal and post-conviction appeal proceedings pertaining to the challenged state court judgment. (Docket Nos. 34-35).[1] Although styled as a motion to expand the record, with the exception of numerical request 1, the petitioner's motion (Docket No. 33) is a request to conduct discovery and to obtain specific materials not contained in the state appellate court record. As such, the court will review the motion under the standard required for granting of discovery in such cases as set forth in Rule 6.

The discovery process of the Federal Rules of Civil Procedure does not automatically apply to *habeas corpus* actions, and *habeas* petitioners have no right to automatic discovery. *Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008). Rather, discovery in *habeas corpus* cases is specifically governed by Rule 6 of the Rules Governing § 2254 Cases, section (a) of which provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Section (b) goes on to specify that "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."

---

[1] Although it appears that the respondent may have inadvertently failed to submit portions of the record with regard to the state post-conviction proceedings, *see infra*, the respondent's position is that the materials requested by the petitioner are not included in the state appellate court record.

*Id.* The rule thus grants the district court "discretion to grant discovery in a habeas case upon a fact specific showing of good cause." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

The burden of demonstrating good cause and establishing the materiality of the information requested is on the moving party. *Id*. at 460. "Good cause" means "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations"; rather, "the petitioner must set forth specific allegations of fact" in order to justify a grant of discovery. *Id.* Discovery will be warranted only if he has alleged enough specific facts to cause the court to believe that the elements of at least one of his constitutional claims might be satisfactorily proved if additional evidence is developed. *Id.* Conclusory allegations are insufficient to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact. *Id.*

### A. Request 1-Petitioner's request for copies of three (3) audio cassette tapes submitted by Respondent as part of the Addendum to the Answer

The respondent previously filed with the court copies of three (3) audio taped statements which are part of the state court record. (Docket No. 26). The tapes contain two separate statements of the defendant and one statement of an inmate concerning incriminating statements of the petitioner regarding the offenses. According to the respondent, the tapes were filed with the court separately from the original Addendum materials filed with respondent's answer and, as a result of oversight, a copy of the tapes were not served upon the petitioner. (Docket No. 36 at p. 3-4). The respondent states that he has prepared an additional copy of said tapes and sent them via United States mail to the petitioner. (*Id.* at p.4). Unless the petitioner notifies the court that he has not

received these audio cassette tapes, this issue appears to have been resolved.

  **B.** **Request 2-Petitioner's request for copies of the video made via closed circuit television as well as any transcriptions made by the Child Advocacy Center of the alleged victim's initial statement given on April 17, 2001 to Cynthia Wagner [Exhibit A/Summary of child's statements of Ms. Wagner, shows videotaped on page 2]**

The petitioner's second request relates to the part of the Addendum to the respondent's Answer that includes a summary of the report by Child Advocacy Center worker Cynthia Wagner, who took a statement from the child victim on or about April 17, 2001. (Docket No. 33). The petitioner states that the report indicates the interview of the victim was videotaped, and the petitioner requests a copy of the videotape. (*Id*. at p.2). The petitioner states that the summary of this particular statement by the victim to Ms. Wagner alleges only two acts of sexual misconduct and yet the petitioner was convicted of five offenses. *(Id.* at p.2). He alleges only that the requested information is "relevant and will demonstrate the facts are in dispute, and that habeas relief should be granted under petitioner's issues of (1) insufficient evidence, (2) election of offenses, and (3) Ineffective counsel." (*Id.* at p. 2).

The respondent represents that, "[u]pon information and belief, the videotape of the interview to which the petitioner refers, if it currently exists, is not part of the record on appeal which was considered by the state court." (Docket No. 36 at p.4). The United States Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). The court will not review materials that were not part of the record before the state courts.

Moreover, in his motion seeking discovery, the petitioner makes only conclusory allegations

that the videotape has some unspecified relevance to issues raised in his petition. (Docket No. 33 at p. 2). The petitioner has not met his burden of demonstrating good cause and establishing the materiality of the information requested. *Stanford*, 266 F.3d at 460. Conclusory allegations are insufficient to warrant discovery under Rule 6; the petitioner must set forth specific allegations of fact, *id.,* and he has not done so.

> C. **Request 3- Copies of the videotape and transcripts of the child's second statement given on May 15, 2001 to Sue Ross And Phyllis Thompson [Exhibit B/summary given by Ms. Ross and Ms. Thompson]**

Next, the petitioner requests copies of the videotape and transcripts of the child's second statement given on May 15, 2001 to Sue Ross and Phyllis Thompson [Exhibit B/summary given by Ms. Ross and Ms. Thompson].

According to the respondent, "there is no information contained in the summary to which petitioner refers that this second evaluation of the child victim was videotaped or that any transcript of the evaluation/interview was prepared, and there is no reason to believe such exists." (Docket No. 36 at p. 5). Furthermore, the petitioner again makes the conclusory allegation, unsupported by any facts, that the requested information is "relevant and will demonstrate the facts are in dispute, and that habeas relief should be granted under petitioner's issues of (1) insufficient evidence, (2) election of offenses, and (3) Ineffective counsel." (Docket No. 33 at p. 2). As with his second numerical request, such a conclusory allegation, unsupported by any facts, is wholly insufficient to establish "good cause" as required by Rule 6.

> D. **Request 4- Transcripts and recordings of any other statements made by the child to authorities which were not included in the Respondent's Addendum**

5

The petitioner's final request is for "transcripts and recordings of any other statements made by the child to authorities which were not included in the Respondent's Addendum." (Docket No. 33 at p. 1).

The respondent represents that "all previous statements of the child victim which were a part of the state appellate record and considered by the Tennessee Court of Criminal Appeals have been filed with the court." (Docket No. 36 a p. 6). The petitioner does not allege or specify that any other statements exist that have not been provided to him or to this court. Instead, the petitioner--yet again--makes the conclusory allegation, unsupported by any facts, that the requested information, if it exists, is "relevant and will demonstrate the facts are in dispute, and that habeas relief should be granted under petitioner's issues of (1) insufficient evidence, (2) election of offenses, and (3) Ineffective counsel." (Docket No. 33 at p.2). As with requests 2 and 3, this conclusory statement, unsupported by any facts, is wholly insufficient to establish "good cause" as required by Rule 6.

Having determined that the petitioner has failed to established good cause for discovery of the requested materials, if they exist, as required by Rule 6 of the Rules Governing Section 2254 cases, the court turns next to the petitioner's motion for appointment of counsel and motion to expand the record.

### III. Motion to Appoint Counsel and Expand Record (Docket No. 38)

The crux of the petitioner's motion (Docket No. 38) is that, despite the court's prior order to re-file the technical record in this case in compliance with Local Rule 7.03(a) (Docket No. 27), the respondent has not done so. According to the petitioner, although the respondent in his "Notice of Filing" states that Addendum 3 contains "the technical record, exhibits and transcripts from petitioner's <u>post-conviction proceedings</u>" (Docket No. 38 at p. 2)(emphasis added), Addendum 3

6

does not contain these materials and instead contains duplicates of the petitioner's trial materials. The petitioner states that "the respondent continues to send piles of duplicated documents, neither bound or in order, and missing relevant materials" despite the court's prior order encouraging the respondent to eliminate duplicate materials within the technical record. (*Id.*) As a result of the petitioner's frustration over the record provided to him by the respondent, the petitioner asks the court again to appoint counsel,[2] stating that the petitioner believes an attorney could generate a better response from the respondent and assist the petitioner with his reply to the respondent's answer/response. (*Id.* at pp. 2-3).

The court has reviewed the re-filed materials comprising Addendum 3 of the technical record submitted to the court by the respondent on May 9, 2011. (Docket No. 35 & Attachs.). As alleged by the petitioner, although the re-filed materials are now Bate-stamped, at least some of these materials do not appear to be related to the petitioner's post-conviction proceedings as represented by the respondent. Thus, the technical record submitted by the respondent still does not constitute a satisfactory record. The court notes that, after ordering the respondent to re-file the technical record because it was deficient upon initial filing, the respondent requested (Docket No. 29) and received (Docket No. 31) an extension of time within which to provide a satisfactory record to the court and to the petitioner.

Although the court understands the petitioner's frustration in receiving an unsatisfactory record from the respondent, the court does not believe that the appointment of counsel is necessary. In his motion (Docket No. 38), the petitioner seeks leave from the court for additional time within which to reply to the respondent's answer/response due to the incomplete and duplicative record

---

[2]The court previously denied a motion to appoint counsel by the petitioner. (Docket No. 4).

7

provided by the respondent. (*Id*. at p.3). The petitioner's request will be granted after the court receives a satisfactory amended record from the respondent, and the petitioner will be given an adequate amount of time within which to submit a reply to the respondent's answer/response.

**IV.     Conclusion**

For the reasons explained herein, the petitioner's "Motion to Decide Case on Its Merits" (Docket No. 11) will be denied as premature. The petitioner's "Motion to Expand the Record" (Docket No. 33) will be denied. The petitioner's "Motion to Appoint Counsel/Motion to Expand Record" (Docket No. 38) will be granted in part and denied in part.

An appropriate Order will be entered.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Kevin H. Sharp
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge