IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESLEY BROWN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 3:11-cv-00039 |
| JOHN "TONY" HOWERTON, Warden, | ) ) Judge Sharp |
| Respondent. | ) ) |

## ORDER

Petitioner Wesley Brown was convicted in 2003 on two counts of rape of a child and three counts of aggravated sexual battery, and sentenced by the Criminal Court for Davidson County in Nashville, Tennessee after a jury trial. He received an effective sentence of 48 years in prison. He is presently an inmate at Morgan County Correctional Complex in Wartburg, Tennessee.[1] Now before the Court is his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

Having considered each claim raised by Brown in his petition, the Court finds, for the reasons set forth in the accompanying Memorandum Opinion, that Brown is not entitled to habeas relief on the basis of any of the grounds presented. The petition is therefore **DENIED** and this matter **DISMISSED**.

Further, for the reasons stated in the accompanying Memorandum Opinion, the Court **DENIES** a certificate of appealability. The petitioner therefore may not appeal this Order unless he obtains a certificate of appealability from the Sixth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Entry of this order shall constitute the judgment in this matter.

Kevin H. Sharp
United States District Judge

---

[1] The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a), Rules Gov'g § 2254 Cases. The Court therefore substitutes Warden John "Tony" Howerton in the caption.